UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KAREN SMITH, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08-6378 (JAP) |
| TIMOTHY CHURCH, | : | **ORDER** |
| Defendant. | : | |

This action is before the Court by way of a Notice of Removal filed on December 17, 2008, by Iyad El Bey a/k/a Timothy Church ("El Bey" or "Defendant"), which purports to remove from state family court the matter of *Smith v. Church*, Docket No. FD-11-1455-97. Although no state court complaint has been provided with the Notice of Removal, Defendant has attached a copy of an Order from that action granting temporary custody of Amir Church, Defendant's son, to Karen Smith. Defendant seeks to have this Order dismissed and custody of his son returned to him.

Presently before the Court is El Bey's application pursuant to 28 U.S.C. § 1915 to proceed without the prepayment of filing fees. In his application, El Bey states that he is currently employed and his "take-home salary" is $320 to $400 per week. El Bey also states in the application that one person is dependent upon him for support, Amir El Bey, but El Bey does not respond to the question on the application asking him to indicate how much he contributes to this individual's support.

Based on the information provided by El Bey, the Court finds that El Bey has not demonstrated that he is entitled to *in forma pauperis* relief. El Bey, who appears to be gainfully employed, simply has not shown that paying the requisite fees associated with the filing of this

action would cause him undue financial hardship.

Moreover, even if the Court were to grant El Bey's application, the Court finds that it would not have jurisdiction over this matter. A case may be removed from state court to federal court only if federal jurisdiction exists. 28 U.S.C. § 1441. El Bey appears to be asserting the existence of both diversity jurisdiction and federal question jurisdiction; however, the Court finds that neither supports removal in this case.

A federal court has diversity jurisdiction over disputes between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A party seeking to establish diversity bears the burden of proving that the parties are diverse. *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). The Court has reviewed the submissions in this matter and finds that El Bey has not established that the parties in this case are diverse.

Federal question jurisdiction is governed by the "well-pleaded complaint" rule, whereby jurisdiction exists only where it is clear from the face of the plaintiff's complaint that there is a federal question. *DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 445-46 (3d Cir. 2003). Federal court jurisdiction cannot be based on a federal law defense. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). Additionally, a federal law issue raised in a counterclaim cannot be a basis for removal of a case from state to federal court if there is no federal question presented in the plaintiff's complaint. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). In the instant matter, El Bey has not shown that there exists a federal question under the "well-pleaded complaint" rule. Accordingly, the Court lacks subject matter jurisdiction to hear this dispute. Therefore,

**IT IS** on this 5th day of January, 2009,

**ORDERED** that El Bey's application to proceed *in forma pauperis* is hereby **DENIED**; and it is

**ORDERED** that the Notice of Removal [Docket entry #1] is **DISMISSED** and this matter shall be remanded.

Accordingly, this case is **CLOSED.**

        /s/ JOEL A. PISANO
        United States District Judge